FILED

2013 DEC 20  PM 4:01

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | |
|---|---|
| BONUTTI SKELETAL INNOVATIONS LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| LINVATEC CORPORATION AND CONMED CORPORATION | ) ) ) |
| Defendants. | ) ) ) ) |

W.D. Tex. C.A. No. **A13 MC 1085 SS**

M.D. Fla. C.A. No. 6:12-cv-01379-Orl-22TBS

U.S. District Court for the Middle District of Florida

**LINVATEC'S MOTION TO COMPEL ACACIA RESEARCH GROUP, LLC TO COMPLY WITH LINVATEC'S SUBPOENA FOR DISCOVERY OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION**

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION .................................................................................................1

II.    BACKGROUND ..................................................................................................2

      **A.**     Acacia and Bonutti Skeletal's Related Actions ....................................2

      **B.**     The Instant Action and Linvatec's Subpoena of Acacia..........................3

      **C.**     Linvatec's Meet and Confer with Acacia ..............................................4

      **D.**     The Disputed Document Requests..........................................................5

III.   CERTIFICATION OF COUNSEL PURSUANT TO LOCAL COURT RULE CV-7..................................................................................................................6

IV.   LEGAL STANDARD.........................................................................................7

V.     ARGUMENT......................................................................................................7

      **A.**     Linvatec is Entitled to Discovery From Acacia Concerning Bonutti Skeletal's Related Actions ....................................................................7

      **B.**     Linvatec is Entitled to Damages-Related Discovery From Acacia .........8

      **C.**     Linvatec is Entitled to Discovery from Acacia Concerning Its Decisions to Not Assert Certain Patents or Claims Against Certain Linvatec Products..............9

      **D.**     Linvatec is Entitled to Discovery of Acacia's Relevant Documents Whether From Acacia or Bonutti Skeletal..............................................9

VI.   CONCLUSION..................................................................................................10

i

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Afros SpA v. Krauss-Maffei Corp.*,
    113 F.R.D. 127 (D. Del. 1986) ................................................................ 10

*Alimenta (USA) v. Anheuser-Busch Co.*,
    99 F.R.D. 309 (N.D. Ga. 1983) ................................................................ 10

*Am. Med. Sys. Inc. v. Med. Eng'g Corp.*,
    794 F. Supp. 1370 (E.D. Wis. 1992) ........................................................ 9

*Freeman v. Gerber Prods. Co.*,
    450 F. Supp. 2d 1248 (D. Kan. 2006) ...................................................... 8

*Fresenius Med. Care Holding, Inc. v. Baxter Int'l, Inc.*,
    224 F.R.D. 644 (N.D. Cal. 2004) ............................................................ 9

*Georgia-Pacific Corp. v. U.S. Plywood Corp.*,
    318 F. Supp. 1116 (S.D.N.Y. 1970) ........................................................ 8

*Hickman v. Taylor*,
    329 U.S. 495 (1947) ................................................................................ 7

*Mobil Oil Corp. v. Amoco Chems. Corp.*,
    915 F. Supp. 1333 (D. Del. 1994) ........................................................... 9

*Oppenheimer Fund, Inc. v. Sanders*,
    437 U.S. 340 (1978) ................................................................................ 7

*Rite-Hite Corp. v. Kelley Co.*,
    56 F.3d 1538 (Fed. Cir. 1995) ................................................................. 8

*Soletanche and Rodio, Inc. v. Brown & Lambrecht Earth Movers, Inc.*,
    99 F.R.D. 269 (N.D. Ill. 1983) ................................................................ 10

### STATUTES

35 U.S.C. § 284 ............................................................................................... 8

### RULES

Fed. R. Civ. P. 26 ........................................................................................... 7

Fed. R. Civ. P. 37 ........................................................................................... 1

ii

Fed. R. Civ. P. 45 ................................................................................................................... 1, 7

Local Rule CV-26 ...................................................................................................................... 1

Local Rule CV-7 ........................................................................................................................ 7

**TABLE OF EXHIBITS**

Exhibit A:      Linvatec's October 15, 2013 Subpoena to Acacia

Exhibit B:      Acacia's November 1, 2013 Objections to Subpoena to Acacia

Exhibit C:      Linvatec's November 8, 2013 Letter to Acacia

Exhibit D:      Acacia's November 14, 2013 Letter to Linvatec

Exhibit E:      Linvatec's November 25, 2013 Email to Acacia

Exhibit F:      Stipulated Confidentiality Agreement Entered Into By Bonutti Skeletal and
                Linvatec

Exhibit G:      Acacia's December 6, 2013 Email to Linvatec

Exhibit H:      Bonutti Skeletal's Rule 7.1 Corporate Disclosure Statement

Exhibit I:      Acacia Research Corporation, 2012 Annual Report (Form 10-K)

Exhibit J:      Patent Assignment Abstract of Title for U.S. Pat. No. 5,527,343

Exhibit K:      Patent Assignment Abstract of Title for U.S. Pat. No. 5,718,717

Exhibit L:      Patent Assignment Abstract of Title for U.S. Pat. No. 5,814,072

Exhibit M:      Patent Assignment Abstract of Title for U.S. Pat. No. 5,921,986

Exhibit N:      Patent Assignment Abstract of Title for U.S. Pat. No. 5,980,559

Exhibit O:      Patent Assignment Abstract of Title for U.S. Pat. No. 6,500,195

Exhibit P:      Patent Assignment Abstract of Title for U.S. Pat. No. 6,638,279

Exhibit Q:      Patent Assignment Abstract of Title for U.S. Pat. No. 8,147,514

Defendants Linvatec Corporation and Conmed Corporation (collectively, "Linvatec") respectfully move, pursuant to Fed. R. Civ. P. 37(a)(1) , 45(c)(2)(B)(i) , and Local Court Rule CV-26 to compel Acacia Research Group LLC ("Acacia") to produce discovery responsive to Request Nos. 4, 6, 8, 16, 22-24, and 26 of Linvatec's October 15, 2013 subpoena (Ex. A).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.        INTRODUCTION

Acacia is not just a third party to the patent litigation filed against Linvatec in the Middle District of Florida.  Acacia is the true plaintiff.  Acacia formed its indirect subsidiary plaintiff Bonutti Skeletal Innovations LLC ("Bonutti Skeletal") for the sole purpose of suing companies in the orthopedic and general surgery industry.  In doing so, Acacia has attempted to shield itself as a "third party" from producing relevant discovery in the litigation.  But its "third party" label cannot relieve Acacia of its discovery obligations.

Through its subpoena, Linvatec seeks from Acacia documents pertaining to (1) related actions involving the same patents and/or inventor, (2) damages and Acacia's valuation of the patents-in-suit particularly compared to other patents in the same and related fields, and (3) Acacia's interpretation of the scope of the patents-in-suit.  Acacia refuses to produce such documents on the basis of relevance, stating that it is not directly involved in the litigation against Linvatec, and therefore the documents in its possession (and not Bonutti Skeletal's) have no bearing on the value of the patents-in-suit and how those patents are interpreted.  But as the true decision-maker behind Bonutti Skeletal, such objection is baseless.

Acacia cannot hide behind its shell company in order to refuse discovery.  Accordingly, Linvatec respectfully requests the Court grant its motion and order Acacia to comply with the subpoena and produce its responsive documents.

## II.     BACKGROUND

### A.     Acacia and Bonutti Skeletal's Related Actions

Linvatec Corporation and Conmed Corporation are medical technology companies with over 3,500 employees who develop products and services that allow physicians and surgeons to deliver high-quality care to enhance clinical outcomes for patients.  Linvatec products have been in use for over 50 years, and the companies have become recognized technological leaders in the fields of arthroscopy and sports medicine, electrosurgery, endoscopy, endosurgery, gastroenterology, patient care, powered surgical instruments, and pulmonology.

Acacia[1] and its indirect subsidiary Bonutti Skeletal[2] are non-practicing entities that do not manufacture or sell any products; their only business is prosecuting and acquiring patents and patent applications, asserting the patents, and licensing the patents to their targets.[3]  To that end, Bonutti Skeletal filed at least eight lawsuits in 2012 against medical device manufacturer defendants across the country asserting infringement of numerous patents sharing a common inventor, Peter M. Bonutti.[4]  The asserted patents all involve apparatuses and methods concerning orthopedics and general surgery.

---

[1]     Notably, Bonutti Skeletal was required under Federal Rule of Civil Procedure 7.1 to disclose Acacia as a parent company and publicly held corporation owning 10% more of stock in the company.  This information is provided to support properly informed judicial disqualification decisions, recognizing the importance of the relationship between a company and its parents.

[2]     *See* Ex. H, Bonutti Skeletal's Rule 7.1 Corporate Disclosure Statement.

[3]     *See, e.g.,* Ex. I, Acacia Research Corp., Annual Report (Form 10-K), at 3 (Feb. 28, 2013).

[4]     *Bonutti Skeletal v. Arthrex, Inc.*, No. 12-01380 (M.D. Fla.); *Bonutti Skeletal v. Arthrex, Inc.*, No. 13-00620 (M.D. Fla.); *Bonutti Skeletal v. Biomet Inc. et al.*, No. 13-00377 (E.D. Tex.); *Bonutti Skeletal v. ConforMIS, Inc.*, No. 12-01109 (D. Del.); *Bonutti Skeletal v. DePuy Mitek LLC, et al.*, No 12-11667 (D. Mass.); *Bonutti Skeletal v. Smith & Nephew, Inc.*, No. 12-01111 (D. Del.); *Bonutti Skeletal v. Wright Medical Group, Inc., et al.*, No. 12-01110 (D. Del.); *Bonutti Skeletal v. Zimmer Holdings, Inc.*, No 12-01107 (D. Del.).

At least three declaratory judgment actions were also filed against not just Bonutti Skeletal*, but also* Acacia.  *Biomet, Inc. v. Bonutti Skeletal*, No. 13-00176 (N.D. Ind.);

**B.**     The Instant Action and Linvatec's Subpoena of Acacia

On September 10, 2012, Bonutti Skeletal filed its complaint against Linvatec in the Middle District of Florida, alleging direct and indirect infringement of nine patents.[5]  Various combinations of at least seven of the nine patents have also been asserted against at least four additional medical device manufacturers in separate actions.[6]  Discovery and claim construction briefing in this case is in-progress, and the parties have exchanged infringement and invalidity contentions under the Case Management and Scheduling Order in effect.

On October 15, 2013, Linvatec served Bonutti Skeletal's indirect parent company, Acacia, with a subpoena requesting production or inspection of documents related to several relevant categories of discovery, including documents related to:  Linvatec, Linvatec's products, and the action against Linvatec; the patents asserted by Bonutti Skeletal; financial payments and any agreements concerning the asserted patents, Bonutti Skeletal, or Peter M. Bonutti; the related Bonutti Skeletal patent infringement suits; and Acacia's decision to not assert certain patent claims and accuse certain Linvatec products. Ex. A.  Linvatec also requested documents related to Acacia's valuations of, contracts or agreements concerning, and decisions to not assert patents or patent portfolios in the fields of orthopedics or general surgery.  *Id.*  It is worth noting that patent assignment records at the U.S. Patent and Trademark Office ("USPTO") indicate that

---

*ConforMIS, Inc. v. Acacia Research Group, LLC, et al.*, No. 13-10377 (D. Mass.); *Covidien LP v. Advanced Skeletal Innovations LLC, et al.*, No. 13-01213 (D.D.C.).

[5]      U.S. Patent Nos. 5,527,343; 5,718,717; 5,814,072; 5,921,986; 5,980,559; 6,500,195; 6,638,279; 7,087,073; 8,147,514.

[6]      *Bonutti Skeletal v. Arthrex, Inc.*, No. 12-01380 (M.D. Fla.); *Bonutti Skeletal v. Arthrex, Inc.*, No. 13-00620 (M.D. Fla.); *Bonutti Skeletal v. Biomet Inc. et al.*, No. 13-00377 (E.D. Tex.); *Bonutti Skeletal v. DePuy Mitek LLC, et al.*, No 12-11667 (D. Mass.); *Bonutti Skeletal v. Smith & Nephew, Inc.*, No. 12-01111 (D. Del.).

3

Acacia was involved in transactions to acquire and then ultimately transfer to Bonutti Skeletal at least eight of the nine patents asserted in the instant case.[7]

On October 29, 2013, Acacia objected to each request of Linvatec's subpoena and refused to produce any documents. Ex. B. On November 8, Linvatec responded by letter, explaining why Acacia's objections did not excuse compliance with the subpoena; among other things, Linvatec noted why the documents requested are relevant. Ex. C. Acacia responded on November 14, 2013, asserting that Linvatec's requests concerning matters other than the action between Bonutti and Linvatec and the patents asserted by Bonutti Skeletal against Linvatec were outside the permissible scope of discovery. Ex. D.

### C.    Linvatec's Meet and Confer with Acacia

The parties held a meet and confer by telephone on November 21, 2013 to discuss the dispute. *See* Ex. E (summarizing meet and confer). In an effort to narrow the issues and offer a compromise, Linvatec agreed to continue to pursue discovery from Bonutti Skeletal instead of Acacia for the documents Acacia contends it has shared with Bonutti Skeletal, but Linvatec reserved its rights to discovery from Acacia if Bonutti Skeletal's production is incomplete or to confirm that all relevant documents have been produced. *See id.*

Regarding Linvatec's remaining Request Nos. 4, 6, 8, 16, 22-24, and 26, Linvatec explained that documents concerning the related litigations and patents, including Acacia's patents and patent portfolios in the fields of orthopedics or general surgery, are relevant to, among other things, Acacia's valuation of the asserted patents and damages, scope of the asserted claims, and ownership of the asserted patents and financial interest in the related actions. Acacia responded that it would take Linvatec's position under advisement. *Id.* Linvatec also

---

[7]      *See* Exs. J – Q.

forwarded to Acacia the Confidentiality Agreement the parties had agreed upon, which also provides protection for the information of third parties. *See id.*; Ex. F.

On December 6, 2013, Acacia confirmed that it would not produce documents in response to Linvatec's Request Nos. 4, 6, 8, 16, 22-24, and 26 on the basis that Linvatec's Requests concerning related actions and patents are not relevant to the litigation between Linvatec and Bonutti Skeletal. Ex. G. Accordingly, Linvatec filed the present motion.

**D.**     The Disputed Document Requests

Linvatec's Requests at issue in this motion are as follows:

**Request No. 4**:     All documents relating to any of the Related Actions.

**Request No. 6**:     All documents relating to any financial interest You have in any of the Related Actions.

**Request No. 8**:     All documents relating to any valuation performed on any patent or patent portfolio in the fields of orthopedics or general surgery.

**Request No. 16**:     All contracts or agreements between You and any third party relating to the assignment, ownership, licensing, use, assertion, or enforcement of patents in the fields of orthopedics or general surgery, or the sharing or apportioning of revenues obtained therefrom.

**Request No. 22**:     All documents relating to Your decision to not assert specific claims of the Asserted Patents.

**Request No. 23**:     All documents relating to Your decision to not assert patents in the fields of orthopedics or general surgery.

**Request No. 24**:     All documents relating to any Conmed or Linvatec products which You made a decision to not assert an infringement claim against.

**Request No. 26**:     All documents You have produced to any other party in any of the Related Actions.[8]

Acacia's "specific objections" to all eight of these requests consist of boilerplate objections that are nearly identical for each Request:

---

[8]     *See* Ex. A.

Acacia specifically incorporates herein its General Objections to the extent applicable. Acacia specifically objects to this Request to the extent it purports to require Acacia to produce documents or information not in its possession, custody, or control. Acacia specifically objects to the Request as cumulative, burdensome, and oppressive to the extent that it seeks documents that are already in the possession, custody and/or control of Plaintiff or Defendants. Acacia specifically objects to this Request as overly broad and overly burdensome insofar as it fails to specify the information sought with reasonable particularity and fails to specify a time frame. Acacia specifically objects to the Request to the extent it seeks production of information covered by any judicial order, protective order, stipulation of confidentiality, non-disclosure agreement, or confidentiality agreement with any non-parties such that disclosure by Acacia is restricted. Acacia objects to the extent the Request seeks disclosure of Acacia's trade secrets, proprietary knowledge, and/or confidential research, development, commercial, business, or other sensitive information. Acacia specifically objects to the Request to the extent it seeks information and documents that are neither relevant to the subject matter of this Action nor reasonably calculated to lead to the discovery of admissible evidence. Acacia specifically objects to the Request to the extent it seeks documents and information protected from discovery by the attorney-client privilege, the work product doctrine, the consulting expert privilege, the joint prosecution privilege, the common interest privilege, and/or any other applicable privileges. Acacia objects that the Request is vague and ambiguous.[9]

In its December 6, 2013 email, after taking Linvatec's arguments under advisement following the parties' meet and confer and after being sent the parties' Confidentiality Agreement, counsel for Acacia summarized its main objections to these Requests: "Acacia's position has not changed. The information sought through these requests is unrelated to the ongoing litigation and outside the scope of permissible discovery." Ex. G.

## III.    CERTIFICATION OF COUNSEL PURSUANT TO LOCAL COURT RULE CV-7

In accordance with Local Court Rule CV-7(i), Linvatec certifies that it has conferred with Acacia to attempt to resolve this dispute without intervention by the Court, however Linvatec and Acacia were not able to reach an agreement regarding Linvatec's Request Nos. 4, 6, 8, 16,

---

[9]    *See* Ex. B. Acacia's objections to Request No. 6 additionally state the request is vague, "including, but not limited to, the use of the phrase 'financial interest,'" and Acacia's objections to Request No. 8 additionally state that the request is vague, "including, but not limited to, the use of the phrase 'valuation.'" *Id.*

22-24, and 26 because Acacia disagrees with Linvatec on whether discovery into related actions and patents is relevant to the action against Linvatec.

## IV.   LEGAL STANDARD

In pertinent part, Fed. R. Civ. P. 26(b)(1) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," unless a court order provides otherwise. "[R]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Courts construe relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case."[10] Federal Rule of Civil Procedure 45 permits a party to subpoena a non-party to produce documents and electronically stored information.[11] If the non-party has served written objections to the subpoena, the party serving the subpoena may move at any time for an order compelling production or inspection.[12]

## V.   ARGUMENT

### A.   Linvatec is Entitled to Discovery From Acacia Concerning Bonutti Skeletal's Related Actions

Linvatec's Request Nos. 4 and 26 seek discovery on actions involving the same patents-in-suit and/or inventor. There is no question that the issues in these related actions significantly overlap with the issues in the action against Linvatec. For example, Acacia's interpretation of the claims of the patents-in-suit in the related actions bear directly on the scope of the claims as they should be interpreted in the action between Bonutti Skeletal and Linvatec. Similarly, any

---

[10]   *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).

[11]   Fed. R. Civ. P. 45(a)(1)(D).

[12]   Fed. R. Civ. P. 45(c)(2)(B)(i).

distinctions that Acacia has made with respect to the patents-in-suit and the prior art would go directly to the scope of the claims. Moreover, even if a related action does not involve the same patents, they involve the same inventor. To the extent that the inventor has made admissions as to the meaning of certain patent claim terms, Linvatec is entitled to discovery on those admissions. Because of the overlap in the cases, information concerning Bonutti Skeletal's related actions are relevant, and Acacia should be compelled to produce any responsive information.

**B.**     Linvatec is Entitled to Damages-Related Discovery From Acacia

Linvatec's Request Nos. 6, 8 and 16 seek information central to the issue of damages. Specifically, Linvatec's requests are directed toward information concerning Acacia's valuation of, licensing of, assertion of, and revenues obtained from related patents, and Acacia's financial interest in the related actions. Pursuant to 35 U.S.C. § 284, damages for any patent infringement must be no less "than a reasonable royalty for the use made of the invention by the infringer." Courts look to a variety of factors to determine a "reasonable royalty," including existing licenses to the patent and the royalty rates paid, royalties paid for use of similar or comparable patents, and the royalty that is customary in the particular business or comparable businesses.[13] Importantly, what is relevant to the industry as a whole is considered relevant.[14] Any comparable licenses and industry practices have been found to be relevant, not just those directed

---

[13]     *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *modified and aff'd sub nom.*, 446 F.2d 295 (2d Cir. 1971), *cert. denied*, 404 U.S. 870 (1971).

[14]     *See, e.g., Freeman v. Gerber Prods. Co.*, 450 F. Supp. 2d 1248, 1262 (D. Kan. 2006) ("Evidence of royalty rates prevalent in the industry is generally relevant to determining a reasonable royalty.") (citing *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1577 (Fed. Cir. 1995) (en banc)).

to the technology of the patents-in-suit.[15]  And similarly, the amount paid for a certain set of patents will also demonstrate the reasonable royalty in that industry.[16]  Therefore information related to patents in the fields of orthopedics or general surgery are relevant to the issue of damages in this case, and must be produced.

**C.**   Linvatec is Entitled to Discovery from Acacia Concerning Its Decisions to Not Assert Certain Patents or Claims Against Certain Linvatec Products

Linvatec's Request Nos. 22-24 seek information relevant to the scope of the patent claims asserted against Linvatec.  Specifically, any decision by Acacia not to assert some claims of the asserted patents, not to assert other orthopedic and general surgery patents, and not to accuse some Linvatec products of infringement necessarily bears on the scope of the patents-in-suit.  Acacia's decisions demonstrate its understanding of the difference in scope between the claims asserted and the claims not asserted, and provide admissions as to the meaning of certain claim terms as understood in the industry.  Therefore, Acacia should be compelled to produce its responsive information.

**D.**   Linvatec is Entitled to Discovery of Acacia's Relevant Documents Whether From Acacia or Bonutti Skeletal

Acacia cannot avoid its discovery obligations by hiding behind its corporate structure.  Acacia was instrumental in evaluating and acquiring the asserted patents and transferring them to

---

[15]   *See, e.g.*, *Mobil Oil Corp. v. Amoco Chems. Corp.*, 915 F. Supp. 1333, 1354 (D. Del. 1994) ("In the spirit of the Georgia-Pacific decision, the Court interprets this factor broadly to include rates for other technology available to produce [the product]"); *Am. Med. Sys. Inc. v. Med. Eng'g Corp.*, 794 F. Supp. 1370, 1394 (E.D. Wis. 1992), *aff'd in part, rev'd in part on other grounds*, 6 F.3d 1523 (Fed. Cir. 1993) ("royalties negotiated between the parties with respect to other aspects of [the accused] products . . . are indicative of the 'ballpark' for licenses . . . , and therefore relevant.").

[16]   *See, e.g.*, *Fresenius Med. Care Holding, Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 653 (N.D. Cal. 2004) ("[T]he amount paid to acquire a company with desired patents, and the amount of the acquisition amount allotted to a particular patent is relevant to the establishment of a reasonable royalty.  Thus, the evaluation and acquisition of [subsidiary] as well as the evaluation of its various assets is discoverable.") (citation omitted).

its newly-formed subsidiary for the purposes of bringing suit. *See, e.g.*, Exs. J-Q.  If Acacia is going to argue that it is a third party burdened by producing documents relevant to this action then it cannot withhold these documents from Bonutti Skeletal.  Linvatec is entitled to full discovery of the relevant documents whether from Bonutti Skeletal or Acacia.  And if Acacia withholds these documents from Bonutti Skeletal's "possession, custody, or control," then it is Acacia that must produce.

Courts have held that the "nature of the relationship" between the party and nonparty governs compelling discovery from a party's subsidiary or parent entity.[17]  Relevant in analyzing this relationship is:  1) the corporate structure of the parties; 2) the nonparty's connection or participation in the litigation or transaction giving rise to the litigation, as well as its "consequent possession of related documents"; and, 3) whether the nonparty will receive a benefit from the litigation.  *Id.* at 130-31.

Here, Acacia is the real plaintiff—it participated in acquiring and transferring the asserted patents to Bonutti Skeletal, and it has a financial interest in the outcome of Bonutti Skeletal's litigation.  Bonutti Skeletal has received documents from Acacia and likely has access to additional Acacia documents.  The financial relationship between Acacia and Bonutti Skeletal, as well as presumable overlap in their governance, further demonstrates that the two have acted as one for this litigation.[18]

## VI.    CONCLUSION

Based on the foregoing, Linvatec respectfully requests that this Court grant this motion and order Acacia to comply with Linvatec's subpoena and produce the requested documents.

---

[17]     *See, e.g.*, *Afros SpA v. Krauss-Maffei Corp.*, 113 F.R.D. 127, 130 (D. Del. 1986).

[18]     *See also, e.g.*, *Alimenta (USA) v. Anheuser-Busch Co.*, 99 F.R.D. 309 (N.D. Ga. 1983); *Soletanche and Rodio, Inc. v. Brown & Lambrecht Earth Movers, Inc.*, 99 F.R.D. 269 (N.D. Ill. 1983).

Dated this 20th day of December, 2013.

Respectfully submitted,

S. Giri Pathmanaban (State Bar No. 24074865)
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
Telephone:  650-328-4600
Facsimile:  650-463-2600
giri.pathmanaban@lw.com


Attorney for Linvatec Corporation and
ConMed Corporation

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on December 20th, 2013, I caused the foregoing document

to be served by overnight mail delivery by Fed-Ex:

Travis P. Brennan
STRADLING YOCCA CARLSON & RAUTH
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: (949) 725-4000
Facsimile: (949) 725-4100

Paul A. Bondor
Alex Henriques
DESMARAIS, LLP
230 Park Avenue
New York, New York 10169
Telephone: (212) 351-2400
Facsimile: (212) 351-3401

Frederick S. Wermuth
KING, BLACKWELL, ZEHNDER & WERMUTH, P.A.
25 East Pine Street
Orlando, FL 32801
Telephone: (407) 422-2472
Facsimile: (407) 648-0161

_____
Judy Nguyen